UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 4:05CR236-001 |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| vs. | ) | |
| TYRAND JAMES, | ) | **RULING ON DEFENDANT'S** |
| Defendant. | ) | **MOTION TO DISMISS** |

Defendant, Tyrand James, has filed a " Motion to Dismiss Lack of Subject Matter Jurisdiction. For Lack of Verified Complaint and For Verified Complaint Sworn Under Oath and Lack of Territorial and Criminal Jurisdiction" (ECF Doc. No. 66).

PROCEDURAL HISTORY

On December 15, 2005, a federal jury convicted Defendant on all three counts of the Indictment: Counts 1 and 2 (Distribution of Cocaine) and Count 3 (Distribution of Cocaine Base (Crack)).

On March 17, 2006, the Court sentenced Defendant to 240 months imprisonment on all counts, concurrently, with ten years of supervised release to follow. The mandatory three

hundred dollar assessment was also ordered.

The present motion was filed on March 21, 2006, *pro se*, after Defendant was sentenced.

## DISCUSSION

At no time prior to the commencement of trial, during trial, or shortly thereafter, did Defendant raise the issue of this Court's lack of subject matter jurisdiction, or other alleged legal infirmities.

Defendant should have file this motion via Fed.R.Crim.P. 12(b)(3)(A), which states

> (3) Motions That Must Be Made Before Trial.
>
> The following must be raised before trial:
>
> (A) A motion alleging a defect in instituting the prosecution:
>
> . . .

No such motion alleging a defect (i.e., the Court lacks subject matter jurisdiction) was made by Defendant, either through his then counsel, or *pro se.* Also, Defendant never complained to the Court that he requested his counsel to make the motion and counsel refused.

Pursuant to Fed.R.Crim.P. 12(b)(3)(e), this objection is <u>waived</u> if not timely filed. The Court's order specified that all Pretrial Motions were due by September 9, 2005. (Order of August 3, 2005, ECF Doc. No. 37). Defendant failed to abide by this Order.

The procedural bar notwithstanding, Defendant's attempt to convince this Court that the matter lacks subject matter jurisdiction over federal drug law violations committed in its jurisdiction is almost pitiful.

Defendant's non-sensical, crossword puzzle-piece motion, is the legal equivalent of a high school student watching an episode of "E.R." and then trying emergency surgery.

Further evidence of Defendant's failure to grasp applicable law is his scribbling across

the Government's response served upon him, "Refused for Fraud UCC 3-501". That any Defendant would cite a Uniform Commercial Code provision in a federal drug case speaks volumes of Defendant's removal from legal reality.

This Court irrefutably has subject matter jurisdiction over federal drug law violations alleged to have been committed within the Northern District of Ohio, pursuant to 18 U.S.C. § 3231. Further explanation is not required to dispose of this frivolous motion. Therefore, Defendant's motion is overruled.

    IT IS SO ORDERED.

                                                  */s/ Christopher A. Boyko*
                                                  CHRISTOPHER A. BOYKO
                                                  United States District Judge

DATE: April 6, 2006